IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROBERT DOUGLAS BLACK,**

        **Petitioner,**

v.                                                    Civil Action No.: 3:20-CV-229
                                                      (GROH)

**F. J. BOWERS,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On December 28, 2020, Petitioner, an inmate at Morgantown FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his sentence. ECF No. 1.[1] On December 29, 2020, Petitioner paid the filing fee. ECF No. 3.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:20-CV-229 unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Conviction and Sentence in the Southern District of West Virginia[2]

On May 30, 2013, an indictment was returned in the Southern District of West Virginia, case number 1:13-CR-143, which charged Petitioner with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  ECF No. 1.  Pursuant to a written plea agreement, Petitioner entered a guilty plea on August 5, 2013, to the indictment and agreed to be sentenced to not more than 20 years in prison.  ECF Nos. 33, 34.  On November 18, 2013[3], Petitioner was sentenced to 12 months and 1 day of imprisonment, followed by three years of supervised release.  ECF No. 45 at 2 – 3.

### B.   Revocation of Supervised Release

Following the filing of five noncompliance summaries over six months[4], on June 3, 2016, the Court issued a warrant for Petitioner's arrest for violations of supervised release.  EF Nos. 60, 61, 62, 63, 65, 66.  On September 19, 2016, following a hearing, Petitioner's supervised release was revoked by the district court based upon Petitioner's admission that he committed another federal, state or local crime, and that he used alcohol and/or purchased, possessed, used, distributed or administered a controlled

---

[2] Throughout sections II.A. and II.B., all ECF numbers refer to entries in the docket of Criminal Action No. 3:13-CR-143 from the Southern District of West Virginia, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Judgment was imposed by the District Court on November 18, 2013, but not filed with the Clerk until November 19, 2013.

[4] Noncompliance summaries were filed on December 17, 2015, February 25, 2016, March 31, 2016, May 2, 2016 and May 13, 2016.  ECF Nos. 60, 61, 62, 63, 65.

substance.  ECF No. 77.  The Court imposed an additional 18-month term of imprisonment, followed by an additional 12-month term of supervised release.  Id.

### C. Instant Petition for Habeas Corpus Under § 2241

On December 28, 2020, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court.  ECF No. 1.  Petitioner claims that the Bureau of Prisons unlawfully: (1) computed Petitioner's federal sentence pursuant to the First Step Act; (2) failed to prioritize the calculation of his credit based on his release date; and (3) failed to provide him an opportunity to participate in programs which will result in early release or home incarceration.  ECF No. 1 at 5 – 6.

Petitioner asks this Court to order the Bureau of Prisons to grant him 106 total days of accrued time credit, from hours earned in BOP programming.  ECF No. 1 at 8.

### III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se

pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

## IV.     ANALYSIS

The United States Supreme Court has long recognized that the United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement. United States v. Wilson, 503 U.S. 329, 334–35 (1992).

The First Step Act initiated a system that allows eligible prisoners to earn time credits for successfully completing "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4)(A). More specifically, a prisoner will "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). In addition, a prisoner, who is determined "to be at a minimum or low risk for recidivating," may "earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," if he has not increased his risk of recidivism over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

However, these programs did not go into effect immediately. The Attorney General was allowed 210 days after the First Step Act was enacted, on December 21, 2018, to develop and publish the Risk and Needs Assessment System, which the BOP was to use as a guide to implement the programs. 18 U.S.C. § 3632(a). The Attorney General

published the Risks and Needs Assessment System on July 19, 2019.[6]  The BOP then had 180 days, or until January 15, 2020, to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs. 18 U.S.C. § 3621(h).  Additionally, there is phase-in period which is prioritized according to projected release date:

> Phase-in.--In order to carry out paragraph (1), so that every prisoner has the opportunity to participate in and complete the type and amount of evidence-based recidivism reduction programs or productive activities they need, and be reassessed for recidivism risk as necessary to effectively implement the System, the Bureau of Prisons shall--
> (A) provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner under paragraph (1)(A); and
> (B) develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism reduction programs and productive activities.
> (3) Priority during phase-in.--During the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date.

18 U.S.C. § 3621(h)(2).

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and refuses to grant him credit for time earned[7] in rehabilitation programs, it is

---

[6] *The First Step Act of 2018: Risk and Needs Assessment System*, accessible online at https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf.

[7] The Court notes that an inmate may not earn credits for any evidence-based recidivism reduction program that he successfully completed prior to the date of the enactment of the FSA. 18 U.S.C. § 3632(d)(4)(B)(i).  Petitioner filed an education course confirmation which shows he completed 33 courses prior to the date of the enactment of the FSA, and 8 course after the enactment of the FSA.  ECF No. 1-1 at 1 – 2.  Petitioner also filed documentation of his completion of 552 hours of group psychology services completed after the enactment of the FSA.  Id. at 3 – 4.  Accordingly, to the extent that the petitioner is seeking time credits for any programs he completed prior to the effective date of the FSA, the claim is without merit.

clear from 18 U.S.C. §§ 3621 and 3632 and the holding of Wilson, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from Wilson and other holdings that this Court may not usurp the Bureau of Prisons' authority. Accordingly, this Court cannot grant Petitioner's request for relief.

## V.  RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because sentences are properly calculated only by the Bureau of Prisons, and this Court is unable to provide the relief requested.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 19, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE